IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL L. DAVIS,**

      **Plaintiff,**

vs.                                   **No. CIV 04-329 LCS/KBM**

**THE NEW MEXICO STATE UNIVERSITY,
through its BOARD OF REGENTS, G. JAY GOUGE,
(individually and as the former President of NMSU),
WILLIAM FLORES (individually and as Provost at
NMSU), and GLADYS DE NECOCHEA (individually
and as Vice President for Student Affairs & Dean of
Students at NMSU),**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss pursuant to Rule 37 (Doc. 27), filed December 6, 2004.  The Court, having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that Defendants' Motion is well-taken and should be **GRANTED.**

    **I.**    **Findings**

The Initial Pre-Trial Report, filed on July 19, 2004, set discovery deadlines in this matter. (Doc. 12).  On October 11, 2004, Defendants submitted a Motion to Compel Discovery.  (Doc. 16).  Defendants' Motion alleged that interrogatories and requests for production of documents were submitted to Plaintiff on August 4, 2004.  (Id.)  Plaintiff's response to these requests was due on September 6, 2004.  (Id.)  Plaintiff did not respond to Defendants' Motion or to Defendants' discovery requests.  (Doc. 19).

The Court granted Defendants' Motion to Compel Discovery on November 2, 2004 and

directed Plaintiff to answer all interrogatories and requests for document production.  (Doc. 20).  The Court further advised Plaintiff that failure to comply with the Court's order could result in sanctions, including dismissal of the action.  (Id.)

On November 8, 2004, Plaintiff's attorney submitted to the Court a Motion to Withdraw.  (Doc. 22).  The Court granted this Motion on November 9, 2004.  (Doc. 23).  The settlement conference scheduled for November 8, 2004 was to be rescheduled after Defendant had retained another attorney.  (Doc. 26).  The Court ordered that Plaintiff should have until November 22, 2004 for a new attorney to enter an appearance, or Plaintiff would be deemed to be proceeding *pro se*.  (Id.)  Plaintiff was given an extension of time to answer Defendants' discovery requests until November 19, 2004.  (Id.)  Plaintiff was directed to respond by November 26, 2004 to Defendants' assessment of reasonable attorneys fees of $600.00 and to Defendants' oral motion for costs.  (Id.)  Plaintiff was again advised that failure to comply with orders of the Court could lead to possible sanctions, including dismissal.  (Id.)  Plaintiff has not complied with any of the Court's directives.

Defendants filed their motion to dismiss pursuant to Rule 37 on December 6, 2004, alleging that Plaintiff had failed to comply with the Court's order compelling discovery.  (Doc. 27).  Plaintiff has not filed a response to Defendants' Motion.

**II.   Analysis**

A district court has discretion to sanction a party for failing to prosecute a case or for failing to comply with local or federal procedural rules.  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  The discretion afforded may include dismissing a case for discovery violations.  *Lafleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (citing *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995)).  It is within a court's

discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992)).

Before imposing dismissal as a sanction, I must evaluate the following factors: 1) the degree of actual prejudice to Defendants; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and 5) the efficacy of lesser sanctions. *Id.*

In the instant case, Defendants allege, and the Court so finds, that they have been prejudiced by Plaintiff's failure to provide them with any information about the alleged civil rights violations or with the contact information of any persons named as potential witnesses. (Doc. 28). Interference with the judicial process in this case has likewise been substantial. Plaintiff has failed to respond to Defendants' requests for discovery and has similarly failed to comply with the court's order directing him to do so. Plaintiff has also failed to respond to any of the other deadlines set by the Court in this matter, forcing the Court to reschedule hearings and prolonging resolution of this case. Additionally, Plaintiff has been instructed by the court that failure to comply with its discovery rulings could result in dismissal. Nevertheless, Plaintiff has failed to comply with the court's rulings or to provide any information to indicate a lack of culpability on his part for failure to timely respond. Dismissal of this matter is therefore an appropriate sanction and Defendants' Motion to Dismiss shall be **GRANTED**.

### III. Conclusion

Upon review of the Motion to Dismiss, I find that dismissal of this matter is an appropriate

sanction for Plaintiff's failure to comply with the Court's orders.  Defendants' motion is therefore **GRANTED** and this matter shall be **DISMISSED WITH PREJUDICE**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**